**In re M. H. S.**

**No. 5583.**

Court of Civil Appeals of Texas, Eastland.

March 26, 1981.

Jay R. Miller, Asst. Criminal Dist. Atty., San Antonio, for appellant.

Allan R. Manka, George Scharmen, American Civil Liberties Union, San Antonio, for appellee.

McCLOUD, Chief Justice.

M.H.S. filed a petition seeking expunction of all records arising out of her arrest for prostitution. Several law enforcement agencies and officials were given notice of the hearing. The trial court entered its order expunging the records in controversy. The Bexar County Sheriff, County Jail, District Attorney, County Clerk, Justice of the Peace, Precinct 1, Place 1, and Justice of the Peace, Precinct 1, Place 2, appeal. We affirm.

Petitioner was arrested on August 1, 1979, and charged with prostitution in County Court at Law No. 5, in case number 267037. Thereafter, petitioner and an Assistant District Attorney negotiated a "plea

bargain" whereby the Assistant District Attorney agreed to file a charge of disorderly conduct, and petitioner agreed to give certain information about the ownership of the massage parlor where petitioner was arrested. A charge of disorderly conduct was subsequently filed in Justice of Peace Court, Precinct 1, Place 1, against petitioner. She pled guilty to the charge of disorderly conduct and was assessed a fine. Following this conviction, the charge of prostitution, pending in the County Court at Law, was dismissed. The charge of disorderly conduct resulted from the plea bargaining, and not from the facts surrounding the prostitution charge.

Tex.Code Crim.Pro.Ann. art. 55.01 (Vernon Supp.1980) provides:

A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

Paragraph (1) of the statute is obviously inapplicable since petitioner was not charged with a felony. The controversy centers around the meaning of paragraph (2). Petitioner has never been convicted of a felony; therefore, she has complied with the requirements contained in paragraph (3) of Article 55.01.

The District Attorney argues that by entering into plea bargaining, with the final conviction based upon an arrest and mutual acceptance of a plea, the petitioner puts herself beyond the scope of the expunction statute. We disagree.

We point out that we are not concerned with the dismissal of an indictment or information charging the commission of a felony. It appears clear that under paragraph (1) of Article 55.01 a party challenging the expunction could argue that the dismissal resulted from a plea bargain and not because of "mistake, false information, or other similar reason indicating absence of probable cause." Also, this is not a case where the charged party pleads guilty to a lesser included offense. Furthermore, we are not concerned with the wisdom of the legislation. *Bichsel v. Carver*, 159 Tex. 393, 321 S.W.2d 284 (1959).

The controlling issue is whether the misdemeanor charge of prostitution has resulted in a final conviction. We hold that the prostitution charge did not result in a final conviction. That charge was dismissed. The new charge of disorderly conduct, filed in a different court, resulted in a final conviction. This conviction resulted from the plea bargaining and not from the facts surrounding the arrest for prostitution.

Judgment of the trial court is affirmed.